UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20001-CR-ALTONAGA

UNITED STATES OF AMERICA

v.

PAOLA SOTO,

Defendant.
_____/

PLEA AGREEMENT

The United States of America and PAOLA SOTO (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to the three Counts of the Information filed against her, which counts charge the Defendant in Count 1 with willfully and knowingly, with the intent to further the objects of the conspiracy, combined, conspired, confederated, and agreed with others known and unknown, to commit offenses against the United States, that is: (a) to fraudulently and knowingly import and bring into the United States any merchandise contrary to law, and receive, conceal, and sell and in any manner facilitate the transportation, concealment, and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, in violation of Title 16, United States Code, Section 1538(c) and Title 50 Code of Federal Regulations, Section 1461; and (b) to defraud the United States by impeding, impairing, obstructing and defeating the lawful government functions of the

1

U.S. Fish & Wildlife Service, in the inspection, monitoring, management, control and regulation of the importation of wildlife into the United States and the proper enforcement of federal wildlife laws, all in violation of Title 18, United States Code, Section 371; and in Counts 2 and 3 that the Defendant fraudulently and knowingly importing and bringing into the United States on two separate occasions any merchandise contrary to law, that is, various products made from the skins of wildlife listed in CITES Appendix II, and did receive, conceal, and sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, that is, 16 U.S.C. § 1538(c) and 50 CFR § 1461; in violation of Title 18, United States Code, Sections 545 and 2.

2. In consideration therefor, the United States agrees that it will not bring additional charges against the Defendant for wildlife trafficking and related offenses, based on conduct known to the United States at the time of execution of this agreement.

3. The Defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the court is

2

required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the three offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to five years as to Count 1 and up to 20 years as to Counts 2 and 3, and such periods may be followed by a term of supervised release of up to 3 years on the charges in Counts 1 through 3 to which she is pleading guilty. In addition to terms of imprisonment and supervised release as to each Count, the court may also impose a fine of up to $250,000, or twice the gross gain or loss arising under the relevant conduct, whichever is greater, and may enter an order of restitution to any identifiable victim of the criminal offense.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraphs 3 and 4 of this agreement, a special assessment in the amount of $300.00 will be imposed on the Defendant with respect to the counts to which she is pleading guilty. The Defendant agrees that the special assessment imposed shall be paid at the time of sentencing.

6. The United States and the Defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the proper initial calculation of the Sentencing Guidelines in this case:

    a.    <u>Base Offense Level:</u> Pursuant to Section 2Q2.1(a) of the Sentencing Guidelines, the base offense level in this matter is Level 6.

3

    b.    <u>Specific Offense Characteristics</u>:

        (1)    Pursuant to Section 2Q2.1(b)(1) of the Sentencing Guidelines, the base offense level in this matter should be increased by 2 levels since the offense was committed for pecuniary gain and involved a commercial purpose.

        (2)    Pursuant to Section 2Q2.1(b)(3) and Section 2B1.1(b)(1)(H) of the Sentencing Guidelines, since the readily provable market value of the wildlife is greater than $550,000 but less than $1,500,000, the base offense level in this matter should be increased by 14 levels.

    c.    <u>Chapter Three, Part B Adjustment</u>: Pursuant to Section 3B1.1(c) an upward adjustment for role in the offense of 2 levels is warranted

    d.    <u>Guidelines range</u>: That the applicable advisory guidelines range for the offenses committed by the Defendant is Offense Level 24, before any reduction for acceptance of responsibility. *See* Paragraph 8 below.

7.    The Office of the United States Attorney for the Southern District of Florida and the Environmental Crimes Section of the United States Department of Justice's Environment and Natural Resources Division (hereinafter "the United States") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon Guidelines recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.    The United States agrees that it will recommend at sentencing that the court reduce the sentencing guideline level applicable to the Defendant's offense pursuant to Sections 3E1.1(a) and (b) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility resulting in a reduction of the final total adjusted offense level to Level 21. However, the United States will not be required to make this sentencing recommendation if the Defendant: (1) fails or refuses to make full, accurate and complete

4

disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The Defendant agrees that she shall cooperate fully with the United States by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the United States, whether in interviews, before a grand jury, or at any trial or other Court proceeding; and (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the United States. In addition, the Defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she will not commit any further crimes.

10. The United States reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the United States the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the United States may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court

that the Defendant has provided substantial assistance and recommending that the Defendant's sentence be reduced. The Defendant understands and agrees, however, that nothing in this agreement requires the United States to file any such motions, and that the United States' assessment of the quality and significance of the Defendant's cooperation shall be binding as it relates to the appropriateness of the filing or non-filing of a motion to reduce sentence.

11. The Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the United States. In addition, the Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the Defendant's sentence because of the Defendant's cooperation.

12. The Defendant is aware that the sentence has not yet been determined by the court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The Defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw her plea based upon the court's decision not to accept a sentencing recommendation made by the Defendant, the government, or a recommendation made jointly by both the Defendant and the government.

13. The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed

in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with the United States, to request that the Court enter a specific finding that the Defendant's waiver of her right to appeal the sentence imposed in this case was knowing and voluntary.

14. This is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 02/03/2022        By: _____
                            Thomas A. Watts-FitzGerald
                            Assistant United States Attorney

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division

Date: 02/03/2022    By: _____
Richard J. Powers
Trial Attorney
Environmental Crimes Section

Date: 02/03/2022    _____
WILLIAM R. BARZEE, ESQ.
Attorney for Defendant

Date: 02/03/2022    _____
PAOLA SOTO
DEFENDANT